**FLIGHT SERVICES GROUP, INC., Plaintiff,**

v.

**PATTEN CORPORATION, Defendant.**

Civil No. 3:95CV1680 (PCD).

United States District Court, D. Connecticut.

May 7, 1997.

Richard J. Diviney, Sherwood, Garlick, Cowell, Diviney & Atwood, Westport, for Plaintiff and Counter–Defendant Flight Services Group, Inc.

Lori B. Alexander, Tyler, Cooper & Alcorn, New Haven, Benjamin Smith, Cain, Hibbard, Myers & Cook, Pittsfield, MA, for Defendant and Counter–Claimant Pattern Corp.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, Chief Judge.

Plaintiff moves for summary judgment with respect to defendant's counterclaim. For the reasons the below, the motion is **granted.**

## I. BACKGROUND

Plaintiff ("FSG") alleges breach of contract against defendant ("Patten") arising from airplane charter services. David Hurley and William Juvonen each own a 50% interest in FSG and are officers and directors thereof. Hurley and Juvonen are not parties. The aircraft in question belongs to Berkshire, a Massachusetts corporation, also not a party. Patten owns 50% of Berkshire. Hurley and Juvonen each own 25% of Berkshire.

On December 31, 1989, FSG leased the aircraft from Berkshire to be used for airline charter services. FSG flew several charter flights for Harry Patten, an officer and director of defendant Patten. These flights were allegedly booked by Harry Patten in his corporate, not individual, capacity. Patten's refusal to pay for these flights underlies FSG's pending claim.

Patten's counterclaim alleges breach of fiduciary duty between shareholders of a closely held corporation, i.e., Berkshire, regarding the sale of the aircraft. FSG moves for summary judgment on the basis that it is not a shareholder of Berkshire and thus cannot be liable for breach of a shareholder duty. There are no relevant facts in dispute.

## II. ANALYSIS

### A. Standard Of Review

In a motion for summary judgment, the moving party must establish that there are

no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P.56(c); *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual issue is "material" if it "might affect the outcome of the suit under governing law ..." *Id.* A dispute regarding a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences are drawn against the moving party. *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2nd Cir.1987).

### B. Alleged Procedural Deficiency

FSG argues that the counterclaim is barred because Patten is not certified to conduct business in Connecticut and thus cannot bring an action, citing C.G.S. §§ 33–396 and 33–412(a). This argument was already rejected on April 25, 1996. Furthermore, these provisions were repealed, effective January 1, 1997. *See* C.G.S.A.1997 Suppl. Pamphlet at 38–39. Summary judgment on this basis is inappropriate.

### C. The Counterclaim

█ The counterclaim is premised on combining two rules of Massachusetts law. The first is that "stockholders in the close corporation owe one another substantially the same fiduciary duty in the operation of the enterprise that partners owe to one another." *Donahue v. Rodd Electrotype Co.,* 367 Mass. 578, 593, 328 N.E.2d 505, 515 (1975). The second is that "corporations are generally to be regarded as separate from each other and from their respective stockholders ... [but may nevertheless] become subject to civil or criminal liability on principles of agency or of causation." *My Bread Baking Co. v. Cumberland Farms, Inc.,* 353 Mass. 614, 618, 233 N.E.2d 748, 751 (1968). (citations omitted). This is known as "piercing the corporate veil."

█ Under *Donahue,* Patten may well assert a claim against Hurley and Juvonen, who own Berkshire along with Patten. Patten alleges a breach of fiduciary duty against FSG. FSG is not a shareholder of Berkshire. Patten argues that FSG exercises "pervasive control" over Berkshire and that the corporate veil should accordingly be pierced.

Patten's argument is flawed. The corporate veil can be pierced as in *My Bread* to impose liability on the owner of an offending corporation. Patten seeks the opposite: imposition of liability on a corporation based on its shareholders' liability. Patten cites no authority for such reverse-veil piercing. It does not make sense to impose liability on an agent for the actions of the principal where the agent is not otherwise liable.

That Hurley and Juvonen control FSG does not equate to FSG controlling Hurley and Juvonen. FSG is a corporation wholly controlled by its shareholders. Liability cannot be imposed under *My Bread* and similar cases, since FSG cannot be found to control Hurley and Juvonen.

Patten also argues that FSG controls Berkshire because the aircraft was Berkshire's only asset, and FSG's control of the aircraft under the lease establishes FSG's control of Berkshire. This argument equates asset possession with corporate control—two very distinct notions. Were it correct, any lessee in possession of a lessor's sole property would "control" the lessor.

█ The counterclaim is outside the shareholder fiduciary duty described in *Donahue.* Shareholders in a close corporation owe each other a fiduciary duty as would partners—by definition a limited group of individuals voluntarily formed. The counterclaim would open the door to an indefinite and ever changing group of entities, all of whom would owe each other a fiduciary duty. Defendant has cited no authority for its expansion of shareholder fiduciary duty to include entities owned by shareholders. "Where the substantive law of the forum state is uncertain or ambiguous, the job of the federal courts is carefully to predict how the highest court of the [relevant] state would resolve the uncertainty or ambiguity." *Travelers Ins. Co. v. 633 Third Associates,* 14 F.3d 114, 119 (2nd Cir.1994) (citations omitted). The lack of supporting authority and the strength of contrary policy arguments make the counterclaim untenable.

Accordingly summary judgment is granted with respect to the counterclaim.

### D. Discovery

Patten asserts that FSG has not complied with discovery obligations. This is unrelated to the present motion, and is not the basis of a pending motion. It will not be decided here.

### III. CONCLUSION

The motion for summary judgment on the counterclaim (doc 21), dated March 3, 1997, is **granted.**

SO ORDERED.